
FILED
MAR - 5 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER FRANCIS, *et al.*, )
)
    Plaintiffs, )
)
v. ) Civil Action No.: 1:19-cv-03527 (UNA)
)
DEPARTMENT OF HOUSING )
AND URBAN DEVELOPMENT, *et al.*, )
)
)
    Defendants. )

## MEMORANDUM OPINION

The complaint in this *pro se* action was filed on November 11, 2019. The complaint listed two plaintiffs, Roger Francis and Marta Francis, however, only Mr. Francis signed the complaint and moved to proceed *in forma pauperis* ("IFP"). On January 10, 2020, the court entered an order mandating that, within 30 days, plaintiffs file an amended complaint signed by each plaintiff and that Marta Francis file her own application to proceed IFP. Plaintiffs were warned that failure to comply would result in dismissal of Ms. Francis from this matter. On February 3, 2020, Marta Francis filed her own application to proceed IFP. Plaintiffs have not, however, filed an amended complaint, in contravention of the court's order. Therefore, Ms. Francis is dismissed from the case for failure to prosecute. However, had she complied with this court's order, she would have fared no better.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

The prolix complaint, filed by remaining plaintiff, Roger Francis, consists of approximately 410 pages, and names as defendants the Department of Housing and Urban Development ("HUD"), and a former and the current Secretary of HUD. Plaintiff attempts to bring claims under "Fair Housing/Title VIII," for "disability discrimination/retaliation, abuse of power, malfeasance, illegal actions/failure to act, denial of civil rights . . . [and] denial of rights under state law." The remainder of the complaint is incomprehensible, consisting mostly of internet print-outs ranging vastly in subject matter, meant to constitute a nebulous conspiracy allegedly orchestrated by defendants. Any damages suffered by plaintiff is unclear as are the damages sought.

The complaint fails to meet the minimum pleading standard set forth in Rule 8(a). The ambiguous and rambling allegations comprising the complaint fail to provide adequate notice of a

claim. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for an award of damages. Therefore, the court will grant plaintiffs' applications to proceed IFP and dismiss the complaint. Plaintiffs' two pending motions to appoint counsel will be denied as moot. An order consistent with this memorandum opinion is issued separately.

DATE: 3/4/20

_____
United States District Judge

[signature] 3/4/12